UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESTON JERMAIN LEWIS,

      Plaintiff,

v.                                Case No. 3:13cv349/MCR/CJK

TOM LEONARD,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's civil rights complaint (doc. 1), filed pursuant to 42 U.S.C. § 1983, and defendant's motion to dismiss (doc. 11). Plaintiff has submitted no response to the motion to dismiss. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After a careful review of the record and the arguments presented, the court concludes the motion to dismiss should be GRANTED.

## THE COMPLAINT AND ALLEGATIONS

Plaintiff, proceeding *pro se* and *in forma pauperis*, was a student at Pensacola State College during the events underlying the complaint. Following are the allegations made in the complaint. On February 26, 2013, plaintiff was attending his

computer concepts class when he was approached by a Pensacola State College police officer.  The officer escorted plaintiff to a room to speak with the defendant, who serves as the dean of Pensacola State College.  Defendant Leonard asked plaintiff about a situation that had happened the prior week in which a student had directed profanity towards a teacher.  Plaintiff denied having knowledge of the situation and replied, "you must have the wrong guy I don't use profanity to talk to teachers." Plaintiff then asked the teacher making the accusation, Ms. Lemley, whether he used profanity towards her.  Ms. Lemley "nodded no," at which point plaintiff was told he could no longer ask questions.  Following this exchange, defendant told the plaintiff to "get your stuff and get out."  Plaintiff responded that the defendant "just want[ed] the black person out of here . . . ."  Plaintiff proceeded to leave the room and retrieve his belongings.  Plaintiff was then followed around campus by the Pensacola State College police.  After he had retrieved his possessions, plaintiff was told by a Pensacola State College police officer that if he came back on campus he would be arrested for trespassing.

Later, plaintiff called the school and spoke with the head of student resources. Plaintiff explained his situation and was told that he "might have to kiss a little butt" if he wanted to be let back into school.  While on the phone with student resources, plaintiff received a phone call from the defendant.  The defendant stated that he had just discovered that "everything was founded [sic] out to be a lie" and indicated he had just sent an e-mail notifying everyone that plaintiff could come back to school. The defendant further stated that he had reviewed plaintiff's records and plaintiff was a "pretty good student."  Defendant also told plaintiff to not discuss the situation with anyone and "we will sweep this under the rug . . . ."  After plaintiff came back to

school, his teachers looked at him like he was a criminal.  Plaintiff claims that he felt uncomfortable "because another student lied."  Plaintiff posits that this incident occurred because of his skin color and the fact that another student lied.[1]

Based upon the foregoing allegations, plaintiff claims violations of his rights under "Title VI of the Civil Rights Act of 1964."[2]  As relief, plaintiff requests "[f]ull justification of [his] case."

<u>THE MOTION TO DISMISS</u>

Defendant moves pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's complaint.  Defendant maintains that plaintiff has failed to state a claim upon which relief can be granted, arguing that the complaint does not state a claim for relief under either 42 U.S.C. § 1983 or Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 4000d *et seq*., ("Title VI").  (Doc. 11, p. 2).  Defendant first argues he is merely an employee of the college and not a recipient of federal funding, the latter being a prerequisite for liability under Title VI.  Next, defendant contends he is not liable in either his official or individual capacities under § 1983 because he is entitled to qualified immunity.

---

[1] Plaintiff includes a letter from Gael Frazer, Associate Vice President at Pensacola State College, with his complaint.  (Doc. 1, p. 7).  The letter from Frazer admits that plaintiff was "mistaken for a student who is alleged to have exhibited inappropriate behavior" and notes that there was "some confusion regarding inappropriate remarks alleged to have been made."  Ms. Lemley acknowledged that plaintiff "did not make any verbal comments directly to her," but maintains plaintiff "uttered some remarks under [his] breath . . . ."

[2] Although plaintiff does not specifically plead a claim arising under 42 U.S.C. § 1983, he filed his complaint on the civil rights complaint form for use in actions arising under § 1983.  Accordingly, and to allow plaintiff the benefit of full consideration, the court will address potential claims arising under § 1983, given the facts as alleged.

<u>ANALYSIS</u>

In ruling on a motion to dismiss for failure to state a claim, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged . . . in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).   Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Sinaltrainal*, 578 F.3d at 1260; *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  Further, the complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).   "A complaint is also subject to dismissal under [Federal Rule of Civil Procedure] . . . 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) ("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6).").

Title VI prohibits discrimination on the basis of "race, color, or national origin . . . by any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  Assuming for purposes of this decision that Pensacola State College receives federal financial assistance, plaintiff is, as the complaint shows, merely an employee of the college and, therefore, not subject to suit for a claimed Title VI violation. *See*

*Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1169-70 (11th Cir. 2003) ("[C]ourts that have considered the question, however, have generally concluded that individuals may not be held liable for violations of Title VI because it prohibits discrimination only by recipients of federal funding."); *see also Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007) ("Title VI claims cannot be asserted against an individual defendant because the individual is not the recipient of federal funding."); *Godby v. Montgomery Cnty. Bd. of Educ.*, 996 F. Supp. 1390, 1413 (M.D. Ala. 1998) (holding that "only the local school district which actually receives the federal money may be held liable-not an employee of the entity."). Moreover, plaintiff asserts that he was confronted and questioned by the defendant in part "because another student lied." Plaintiff's complaint contains no support for his claim that he was discriminated against on the basis of his race. Instead, the complaint advances conclusory assertions and indicates that the defendant's actions were guided by another student or Lemley, not plaintiff's race. Accordingly, plaintiff has not stated a claim for a Title VI violation.

Though plaintiff has perhaps not, under the pleading he has crafted, attempted to assert a claim under § 1983, in an abundance of caution the court should address the prospects of such a claim. *See Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."). A fair reading of plaintiff's complaint at least raises the specter that he feels he has been deprived of some privilege because of his race.

In opposition to any potential § 1983 claims, defendant raises the defense of qualified immunity, which "completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

The doctrine of qualified immunity is a guarantee of fair warning. *McElligott v. Foley,* 182 F.3d 1248, 1260 (11th Cir. 1999).  Qualified immunity shields government officials from individual capacity suits against them for acts that do not violate a clearly established constitutional right of which a reasonable person would be aware given the circumstances and information possessed by the official at the time of the conduct. *Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *Conn v. Gabbert,* 526 U.S. 286, 119 S. Ct. 1292, 1295, 143 L. Ed. 2d 399 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).  Qualified immunity ensures that individuals can reasonably anticipate when their conduct may give rise to liability.  To that end, liability attaches only if the contours of the right allegedly violated are sufficiently clear that a reasonable person would understand that what he is doing violates that right. *McElligott*, 182 F.3d at 1260 (citing *United States v. Lanier,* 520 U.S. 259, 270, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)).  A public official seeking qualified immunity "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks omitted).  "Once the defendant establishes that he was

acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Id.*

Courts apply a two-pronged test when evaluating a claim of qualified immunity:  (1) whether, on the facts alleged, a constitutional right was violated; and (2) whether the right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001).  The court may exercise its discretion in deciding which of the two prongs should be addressed first in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).  The court may grant qualified immunity if the plaintiff fails to carry his burden on either of the two prongs. *See, e.g., Pearson*, 129 S. Ct. at 822-23 (evaluating only *Saucier*'s second prong and holding that law enforcement officers were entitled to qualified immunity because the unlawfulness of their conduct was not clearly established).

Here, defendant Leonard acted within his discretionary authority as dean of Pensacola State College when he conducted an investigation into whether a student used profanity towards a teacher.  Plaintiff has not shown that his constitutional rights were violated because of defendant's actions, much less that the defendant's actions–conducting an investigation into the alleged use of profanity by a student–violated a clearly established right.  The initial results of the investigation seem to have been mistaken.  As a result, plaintiff suffered one of those bumps and grinds inevitably administered by life, the handling of which by an undeserving recipient helps to construct a rung on the ladder toward maturity.[3]  Such alone does

---

[3]Epictetus, the Greek Stoic philosopher of the first and second centuries C. E., is often credited with originating the phrase, "It is not what happens to you, but how you react to it that

not defeat the defendant's qualified immunity.  Accordingly, plaintiff has not stated a viable § 1983 claim.

Accordingly, it is respectfully RECOMMENDED:

1.  That the motion to dismiss (doc. 11) be GRANTED.

2.  That this cause be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 19th day of June, 2014.

/s/ *Charles J. Kahn, Jr.*

CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

matters."  Germane here, and indeed in far too many claims now brought in courts of law, Eptictetus also taught, "Any person capable of angering you becomes your master; he can anger you only when you permit yourself to be disturbed by him."